IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal No. 1:25-cr-049 |
| v. | ) | |
| | ) | GOVERNMENT'S |
| DANIEL THOMAS COLDEWEY, | ) | SENTENCING MEMORANDUM |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

COMES NOW the United States of America, by its undersigned counsel, and provides the following memorandum for the sentencing in this matter.

## TABLE OF CONTENTS

I.  Introduction ................................................................................................. 1

II.  Title 18 § 3553(a) Factors ....................................................................... 2

III.  Appropriate Sentence in this Case ........................................................ 3

IV.  Conclusion ................................................................................................ 4

## I.  Introduction

The Defendant was indicted on September 25, 2025, charging the Defendant with Count 1, Distribution of a Controlled Substance Resulting in Serious Bodily Injury, in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(C). (R. Doc. 2). On February 20, 2025, pursuant to a plea agreement, the Defendant entered a plea of guilty to a lesser included of Count 1, Distribution of a Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(C). (R. Doc. 59). The final presentence investigation report (PSR) was filed

1

on July 2, 2026. (R. Doc. 70). The PSR calculated a sentencing guideline range of 240 months imprisonment. (PSR ¶ 118). Based upon discussions with Defense, the government requests the Court sustain Defendant's objection to paragraph 21 as it does not impact the base offense level and overrule Defendant's objection to paragraph 35 as the enhancement is supported by case law. The government anticipates testimony from the case agent, Detective Matt Conahan to provide historical information as to what sentence should be imposed.

## II.  Title 18 U.S.C. § 3553(a) Factors

The factors the Court must use to determine a reasonable sentence are:

(1) the nature and circumstances of the offense and the history and characteristics of the Defendant;
(2) the need for the sentence imposed;
    (A) to reflect the seriousness of the offense, promote respect for the law, and provide just punishment;
    (B) to afford adequate deterrence to criminal conduct;
    (C) to protect the public from further crimes of the Defendant; and
    (D) to provide the Defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available;
(4) the sentencing range from the guidelines;
(5) any pertinent policy statements by the Sentencing Commission;
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to victims.

(18 U.S.C. § 3553(a)).

The Defendant has no criminal history points. (PSR ¶¶ 45 – 51).  However, Detective Conahan will testify that Defendant has been involved in using and dealing

fentanyl since as early as 2020. Defendant was interviewed in 2020 and told law enforcement that he spent all of his money on fentanyl and was purchasing 10 M30 fentanyl pills a day. Defendant further confirmed his username was "Sammy Davis Jr. Jr." Det. Conahan will further testify that through subsequent interviews in 2020, Defendant was identified as a fentanyl dealer identified as competition to Serenity Gayten. Defendant continued to be identified as a source of fentanyl in 2022 and was linked to the fatal overdose of Eric Segal. Defendant was consistently involved in dealing fentanyl through 2025 after this incident and up until the time of his arrest.

The average sentence for similarly situated defendants was 173 months with a median sentence of 180 months. (PSR ¶ 119).

### III. Appropriate Sentence in this Case

The appropriate sentence to be imposed by the Court should be "sufficient but not greater than necessary" to meet relevant sentencing objectives. The government believes that, when considering all factors under § 3553(a) including the Defendant's criminal history and continued dealings in fentanyl, leading to at least one overdose, a guideline sentence would be an appropriate sentence for this Defendant. The Defendant knew the dangers of fentanyl and was fortunate that for this matter, the individual did not die from pills the Defendant supplied.

For these reasons, the government also believes a longer period of supervision is needed for the Defendant to protect the public following his release.

## IV. Conclusion

WHEREFORE, the government requests this court to apply a sentence of 240 months imprisonment.

Respectfully submitted,

David C. Waterman
United States Attorney

By: */s/ Corey Rothrock*
Corey Rothrock
Assistant United States Attorney
U.S. Courthouse
2146 27th Ave, Suite 400
Council Bluffs, IA 51501
Tel: (712) 256-5009
Fax: (712) 256-5112
Email: Corey.Rothrock@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on July 15, 2026, I
electronically filed the foregoing with the
Clerk of Court using the CM ECF system. I hereby
certify that a copy of this document was served
on the parties or attorneys of record by:

_____U.S. Mail _____ Fax __Hand Delivery

_X_ ECF/Electronic filing __Other means

UNITED STATES ATTORNEY

By: */s/ SCT*
   Paralegal Specialist